UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JAMES MAJOR, et al, v. ASTRAZENECA, INC., et al | 5:01-CV-618 (FJS) (LEAD CASE) |

_____

| | |
|---|---|
| KAREN M. GREEN, et al, v. ASTRAZENECA, INC., et al | 5:00-CV-1736 (FJS) (MEMBER CASE) |

_____

WILLIAM B. HUNT, ESQ., for Plaintiffs in Lead Case
EDWARD J. SMITH, III, ESQ., for Plaintiffs in Member Case
THOMAS R. SMITH, ESQ., for Defendants in Lead and Member Case
MICHAEL P. KELLY, ESQ., for Defendants in Lead and Member Case

## DECISION and ORDER

Presently before this court is a request by plaintiff Karen M. Green to amend the complaint to add a new plaintiff and a wrongful death claim for that plaintiff. The proposed plaintiff is the deceased spouse of plaintiff Karen M. Green.

On April 1, 2005, this court received a letter from attorney Edward J. Smith, III requesting an urgent conference since plaintiff's counsel believed that a statute of limitation on a wrongful death claim might expire on *April 1, 2005.* Plaintiff's counsel was careful to note in his April 1, 2005 letter that a different statute of limitations might apply, but he preferred to file this claim immediately out of an abundance of caution. Fortunately, this court was not occupied with any hearing or trials and was able to immediately schedule a telephone conference during mid-

afternoon on April 1, 2005.

Defense counsel faxed a letter in opposition and argued that:

1. The request is untimely, and plaintiff has unreasonably delayed making the request.

2. Plaintiffs' counsel has failed to follow the Federal or Local Rules governing the request to amend.

3. Defendants will be prejudiced by the proposed amendment.

For the following reasons, this court agrees with defendants and will deny plaintiff Karen Green's motion to amend.

## DISCUSSION

Generally, the court has discretion whether or not to grant leave to amend [a pleading]. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, in exercising this discretion, the court must act pursuant to Fed. R. Civ. P. 15(a), granting leave to amend "freely ... when justice so requires." Fed. R. Civ. P. 15(a); *Id*. at 182. In deciding whether to exercise its discretion, the court must examine whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party. *Evans v. Syracuse City School District*, 704 F.2d 44, 46 (2d Cir. 1983) (citing *Foman*, 371 U.S. at 182). The court must also examine whether there will be prejudice to the opposing party. *Kovian v. Fulton County National Bank*, 86-CV-154, 1992 U.S. Dist. LEXIS 7023 (N.D.N.Y. May 13, 1992). Finally, where it appears that granting leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of

discretion to deny leave to amend. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)(citations omitted).

I heard the arguments of counsel during the telephone conference of April 1, 2005. I made findings and rulings during the argument, however, I am also issuing this written order. I find that there have been ***multiple extensions of the discovery deadline*** in this case and that one of the consolidated cases (01-CV-618 - LEAD CASE) will be ***four years old*** this month. The MEMBER case (00-CV-1736) is even older than the LEAD case, having been filed on November 14, 2000. The court also notes that there were no requests to extend the amendment of pleadings deadlines or the joinder of parties deadlines. The original deadlines for joinder of parties was ***January 30, 2002*** and the original deadline for amendment of pleadings was ***February 28, 2002.***

**A.  Delay**

A review of the history of this case, outlined in the plaintiff's April 1, 2005 letter appears to show that the condition that caused the death of plaintiff Karen M. Green's spouse was well known, and that plaintiff's spouse's death occurred on ***December 17, 2003.*** Therefore, plaintiff has delayed over one year in attempting to add this wrongful death claim. Plaintiff's letter seems to argue that the reason for the delay is that the causal connection between defendants actions and the death of plaintiff Karen Green's husband was not known until more recently, and that counsel

3

has "received a medical opinion stating ... causal connection...." However, the date of that medical opinion is not specified.

The record also shows that this case has been plagued with delays, and that plaintiffs' requests for further time to complete discovery have been granted several times. (Dkt. Nos. 14, 18, 23, 27). The original discovery deadline in the lead action was September 30, *2002*. The last discovery deadline extension was granted on July 2, 2004 and the order stated that all discovery was to be completed by September 30, *2004*. (Dkt. No. 27).

The Second Circuit has held that despite the lenient standard of Rule 15(a), a court does not abuse its discretion in denying the amendment of pleadings after the deadline set in the scheduling order where the moving party has failed to establish "good cause" for failure to comply with the deadline. *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000). Plaintiffs in this case have failed to show good cause for their failure to comply with the deadlines, even assuming that the deadlines for amendment of pleadings and joinder of parties had been extended to September 30, 2004 along with the discovery deadline.

Plaintiffs attempt to argue that they notified defendants of their intention to add the proposed plaintiff in their response and cross-motion for summary judgment, filed on *March 30, 2005.* This fact does not support plaintiffs' request. Plaintiffs' Karen and Jeffrey Green's memorandum of law in their cross-motion for summary judgment

4

states that expert Dr. Wolfson attributed Karen Green's husband's demise from pancreatic cancer as influenced by the exposure to toxic chemicals, and thus "Plaintiff Karen Green will be immediately filing suit ... seeking damages for the wrongful death of her husband Ralph Hoyt ... ." Plaintiffs' Memorandum of Law at p.5 (Dkt. No. 35).

It is unclear when Dr. Wolfson signed his declaration because it is undated and unnotorized, however, it is clear from his declaration that he reviewed the medical records of Karen Green, Jeffrey Green, and Karen's husband Ralph Hoyt.  Mr. Hoyt died in December of *2003*, and there is no indication until now that the plaintiffs were even considering moving to add this individual as a plaintiff.  Plaintiffs' counsel's letter states that Mr. Hoyt was diagnosed with pancreatic cancer on April 1, *2002*.  Although a wrongful death claim could not be contemplated until Mr. Hoyt's death in 2003, a substantial period of time has passed since then, and there has been no notice from plaintiffs until now.  Thus, there is ***no good cause*** shown for failing to move to amend earlier in the proceedings and no good cause to extend the discovery period again.

**B.  Prejudice**

Prejudice has been described as one of the most important reasons for denying a motion to amend. *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)(citing *Foman* 371 U.S. at 182).  As stated above, discovery in this action was closed on September 30, 2004 and substantial motions and cross-motions

for summary judgment are currently pending before Chief Judge Scullin. (Dkt. Nos. 30, 35). This amendment would certainly require reopening of discovery as to the proposed new plaintiff.

It is unclear how much prejudice the defendants would suffer. Although defense counsel states that this proposed amendment contains a personal injury issue that did not exist, this statement is not completely accurate. Although there was no wrongful death claim, there certainly are personal injury claims that are included in the motions for summary judgment. One of defendants' arguments in their summary judgment motion is that plaintiffs have not shown a causal connection between the exposure to the chemicals and any health problems that they might have suffered or will suffer in the future. Defendants' Memorandum of Law at pp.2-6, 20-23.

In any event, this court is denying the motion to amend due to the failure of plaintiffs to establish good cause for their eleventh hour attempt to add a plaintiff with a new cause of action several months after the expiration of the appropriate scheduling order deadlines and when substantial dispositive motions have been filed.

**WHEREFORE,** based on the above, it is

**ORDERED,** that plaintiffs' motion to amend is **DENIED.**

Dated: April 6, 2005

                                             _____
                                             Hon. Gustave J. DiBianco
                                             U.S. Magistrate Judge