UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES MAJOR, et al.,

                                        Plaintiffs,

            vs.                                                    5:01-CV-618
                                                                   (C.J. Scullin)
ASTRAZENECA, INC., et al.,

                                        Defendants.

_____

APPEARANCES                          OF COUNSEL

MACKENZIE HUGHES, LLP                W. BRADLEY HUNT, ESQ.
Attorneys for Plaintiff

BOND SCHOENECK & KING, PLLC          THOMAS R. SMITH, ESQ.
Attorneys for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

## DECISION and ORDER

Presently before the court is plaintiffs' request for the production of certain

documents that defendants claim are protected from disclosure by the attorney client

and attorney work product privileges.  Defendants produced a Privilege Log when this

issue arose.  The Privilege Log has entries showing the dates of the documents, a clear

description of the nature of the document, and which privilege or privileges are

claimed for each document.  I received the documents for *in camera* review during

July of 2004, but did not review them at that time.

Recently, it was brought to this court's attention that these documents were still

at issue.  Prior to that recent information, no request was made by either side to remind

the court that this matter was still pending.  I held a telephone conference on June 28,

2005, and allowed both parties to submit letter-briefs in support of their positions.

The parties have filed their letter-briefs, and I have examined the relevant documents

*in camera*

## DISCUSSION

### 1. Attorney-Client and Work Product Privileges:

The attorney client privilege applies if

> (1) the asserted holder of the privilege is or sought to
> become a client; (2) the person to whom the communication
> was made (a) is a member of the bar of a court, or his
> subordinate and (b) in connection with this communication
> is acting as a lawyer; (3) the communication relates to a fact
> of which the attorney was informed (a) by his client, (b)
> without the presence of strangers, (c) for the purpose of
> securing primarily either (i) an opinion of law (ii) legal
> services or (iii) assistance in some legal proceeding, and not
> (d) for the purpose of committing a crime or tort; and (4) the
> privilege has been (a) claimed and (b) not waived by the
> client.

*First Chicago International v. United Exchange Co. Ltd*., 125 F.R.D. 55, 56 (S.D.N.Y.

1990)(quoting *Colton v United States*, 306 F.2d 633, 637 (2d Cir. 1962), *cert. denied*,

371 U.S. 951 (1963)).  The privilege extends only to *communications* made in

confidence by the client to the attorney in order to obtain a legal opinion or service. *Id*.

(citation omitted).  Additionally, the attorney client privilege applies to

communications from the attorney to the client *if* those communications would reveal the communications made by the client to the attorney in the first instance. *Martin v. Valley National Bank of Arizona*, 140 F.R.D. 161, 163 (S.D.N.Y. 1991).

The attorney client privilege extends to corporate clients. *Upjohn Co. v. United States*, 449 U.S. 383 (1981).  The privilege also extends to factual investigations by an attorney or by the attorney's agents, including gathering statements from the corporation's employees. *Id.* at 390-91.  *See Lugosch v. Congel*, 218 F.R.D. 41, 47 (N.D.N.Y. 2003)(M.J. Treece).  The attorney's notes, memoranda, and files pertaining to those statements are similarly protected. *Id.* at 388-90; *Lugosch, supra* (citations omitted).  The privilege has also been extended to former employees when the communications deal with conduct and knowledge, or communication with defense counsel during the former employee's employment. *Peralta v. Cendent Corp.*, 190 F.R.D. 38, 41-42 (D. Conn. 1999).

The work product privilege, distinct from the attorney client privilege, prohibits "unwarranted inquiries into the files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).  The work product doctrine applies to documents prepared either by the attorney, the party or a representative of the party in anticipation of litigation or for trial. *In re Air Crash Disaster at Sioux City, Iowa*, 133 F.R.D. 515, 519 (N.D. Ill. 1990)(citing FED. R. CIV. P. 26(b)(3).  The work product privilege, although broader in scope than the attorney client privilege, is a

qualified privilege. FED. R. CIV. P. 26(b)(3).  Work product, other than the mental

impressions, conclusions, opinions or legal theories of counsel or other representative

of a party, may be disclosed upon a showing that the party seeking the discovery has a

substantial need for the material in the preparation of the party's case, and the party is

unable to obtain the substantial equivalent of the materials by other means. *Id.*

The work product privilege extends only to those documents prepared

concerning *specific* litigation. *Carte Blanche v. Diners Club Int'l, Inc.*, 130 F.R.D. 28,

32 (S.D.N.Y. 1990).  The work product immunity requires more than a showing of a

remote possibility of litigation, it must be a real possibility at the time of the creation

of the document. *Litton Industries v. Lehman Brothers Kuhn Loeb*, 125 F.R.D. 51, 54

(S.D.N.Y. 1989).  *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105

F.R.D. 16, 41 (S.D.N.Y. 1984).  A document may be considered covered by both the

attorney client and the work product privilege if it contains client communications and

was prepared in anticipation of litigation.

## 2.   <u>Merits</u>

As stated above, defendants have prepared a Privilege Log in this case.  The

Privilege Log accurately describes twenty eight documents that consist mostly of

memoranda regarding interviews of former Stauffer Chemical employees, created by

attorneys representing a related company involved in litigation in 1983.  Some of the

interviews were in-person, some by telephone, and all occurred between 1984 and

4

1987.  The memoranda of the interviews are all typewritten and double spaced.

This court finds that these documents are specifically covered by both the attorney client and work product privileges and are therefore, exempt from disclosure. The court need not discuss the qualified nature of the work-product privilege since the interview memoranda remain protected by the attorney-client privilege.  The names of each person interviewed is stated in the Privilege Log, and plaintiffs can, if they wish, attempt to contact these individuals to obtain whatever information they might have.

Pretrial discovery is now closed and had been extended several times at plaintiff's request. (Dkt. Nos. 14, 21, and 27).  Despite this fact, plaintiffs will not be prohibited from conducting further investigations.

The remaining three documents are:

1.     Stauffer Document Chronology,

2.     Stauffer Employee List, and

3.     Cowles/Stauffer Employees Believed To Have Knowledge.

Defendants claim that the work-product privilege protects these documents from disclosure.  Although it appears that these lists were prepared by counsel in preparation for litigation, and would be covered by the privilege, as stated above the privilege is qualified, and the party seeking discovery may avoid the privilege by showing that there is a substantial need for the document and the party cannot obtain the substantial equivalent of the document by any other means.

Since the employee lists at issue in this case (Nos. 2 and 3 above) were prepared in the mid-1980's and refer to employees as far back as the 1960's, it appears that it would be very difficult for plaintiffs to obtain this information, if they have not already obtained it through past discovery.  This court is prepared to order disclosure of the two employee lists *unless the defendants can show that this information has already been given to plaintiffs during discovery*.

The remaining document (No. 1 above) is alleged to have been prepared by an attorney and consists of a chronological list of various documents and a summary of their contents.  This list involves summaries of documents outlining chemical test results, production statistics, and disposal of waste products at various sites around the greater Syracuse area.  To the extent that the sites are *not* the ones at issue in this case, plaintiffs are not entitled to that information since they have not shown a substantial need, nor have they shown that the information would be relevant to this case.  There also appears to be other irrelevant information such as chemical tests, production quotas, and other plant production information.

This court is prepared to disclosure of the information relevant to this action since although it is undated, this chronology was prepared many years ago, and it is unclear whether plaintiffs would be able to obtain the relevant documents by any other means.  However, defendants must be afforded an opportunity to argue either that the document should be redacted due to irrelevant information or that the documents

themselves (rather than the attorney's chronologic summary of the documents) have been produced for plaintiffs already or that they can be produced by other means.

   **WHEREFORE,** it is

   **ORDERED,** that plaintiff's request for production of all documents relating to employee interviews (all but the first three documents listed on the privilege log) is **DENIED**, and it is further

   **ORDERED,** that defendants have until July 26, 2005 to respond in accordance with this Decision and to submit a redacted copy of the Stauffer Document Chronology for *in camera* review.  This should be hand-delivered to my chambers with ***no electronic filing***.

Dated: July 15, 2005

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge