UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES MAJOR, et al.,

                                           Plaintiffs,

  vs.                                                                  5:01-CV-618
                                                                             (C.J. Scullin)

ASTRAZENECA, INC., et al.,

                                           Defendants.

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| MACKENZIE HUGHES, LLP<br>Attorneys for Plaintiff | W. BRADLEY HUNT, ESQ. |
| BOND SCHOENECK & KING, PLLC<br>Attorneys for Defendants | THOMAS R. SMITH, ESQ. |

GUSTAVE J. DI BIANCO, Magistrate Judge

## DECISION and ORDER

On July 15, 2005, I issued a discovery order in this case relating to plaintiffs' discovery requests and defendants' claims of attorney client and attorney work product privileges. (Dkt. No. 66). Three documents remained at issue, the Stauffer Document Chronology; a Stauffer Employee List; and a list of Cowles/Stauffer Employees Believed To Have Knowledge. Defendants were claiming only attorney work product privilege as to these documents.

In the July 15, 2005 order, I found that the documents were covered by the work product privilege, but since that privilege was qualified, the party seeking disclosure

could avoid the privilege by showing that there was a substantial need for the document and that the party could not obtain the substantial equivalent of the document by any other means. I noted that the employee lists were prepared in the 1960's and that it would be very difficult for plaintiffs to obtain the information unless they had already received it during discovery. I gave defendants the opportunity to show that the plaintiffs had been provided the substantial equivalent of this information during discovery.

On July 26, 2005, defendants responded that most of the employees named on the lists had been previously provided to plaintiffs. Some of the employees on the lists were deceased at the time the list was created, so their names would be irrelevant. Defendants also point out that they identified seven former employees who were thought to have knowledge of the waste handling and disposal at the Skaneateles Falls Plant at issue in this case. The employee lists at issue here contained the name of each of these employees, however, defendants note that of the *seven* individuals whose names and addresses were provided to plaintiffs, plaintiffs have only chosen to contact and depose *one*. Since the deadline for discovery has long since passed, and plaintiffs did not choose to contact any of the other individuals whose names they were provided, plaintiffs have shown no substantial need for any additional names that they were not already given. Thus, this court will *not* order disclosure of either of the employee lists.

In my July 15, 2005 order, I found that the Document Chronology was also covered by the attorney work product privilege since the list contained summaries of documents listed in chronological order, prepared by counsel in another litigation. To the extent that the list of documents related to sites that were *not* the ones at issue in this case, I found that plaintiffs were *not* entitled to the information in the document chronology since they had not shown a substantial need, nor had they shown that the information would be relevant to this case.

Once again, because of the age of the document, and the inability of plaintiffs to obtain the document by other means, I stated that I was prepared to order disclosure, unless defendants could show either that the document should be redacted of the irrelevant information or that the documents themselves had already been produced for plaintiffs during discovery.

In defense counsel's July 26, 2005 letter, he states that the documents listed in the chronology that relate to the relevant site *have already been produced for plaintiffs during discovery*. Defendants have also submitted a redacted version of the chronology in case the court decided that part of the document should be produced. Since plaintiffs have already been provided with the documents reflected in the chronological summary that relate to the site in question, there is no need to produce the chronology, redacted or otherwise. Plaintiffs have not shown that any information about sites that are not related to the Skaneateles Falls site would be relevant to this

3

case. Since the documents themselves have been produced, plaintiffs may create their own chronological list.

**WHEREFORE,** based on the above, it is

**ORDERED,** that plaintiff's request for production of documents is **DENIED, and DISCOVERY REMAINS CLOSED.**

Dated: August 2, 2005

                                                 Hon. Gustave J. DiBianco
                                                 U.S. Magistrate Judge